**RAINES FELDMAN LITTRELL LLP**
Kathy Bazoian Phelps (State Bar No. 155564)
kphelps@raineslaw.com
1900 Avenue of the Stars, Suite 1900
Los Angeles, California 90067
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

*Counsel for Bradley D. Sharp,
Permanent Receiver*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>DIRECT LENDING INVESTMENTS LLC,<br><br>Defendant. | Case No.: 2:19-cv-02188-DSF-MRW<br><br>***AMENDED* NOTICE OF MOTION AND MOTION OF RECEIVER FOR ORDER: (1) PRELIMINARILY APPROVING DUFF & PHELPS, LLC (N/K/A KROLL, LLC) SETTLEMENT; (2) SETTING SCHEDULE; (3) APPROVING FORM OF FINAL APPROVAL ORDER; AND (4) APPROVING FORM AND/OR LIMITATION OF NOTICE OF MOTION UNDER LOCAL CIVIL RULE 66-7**<br><br>*[MEMORANDUM OF POINTS AND AUTHORITIES AND SUPPORTING DECLARATIONS FILED HEREWITH]*<br><br>Date:     August 19, 2024<br>Time:    1:30 p.m.<br>Dept.:    Courtroom 7D<br>Place:    United States District Court<br>            Western Division<br>            350 West 1st Street<br>            Los Angeles, CA 90012 |

---

CASE NO. 2:19-CV-02188-DSF-MRW         AMENDED MOTION TO APPROVE DUFF & PHELPS,
                                                                           LLC (N/K/A KROLL, LLC) SETTLEMENT

10195254.1

PLEASE TAKE NOTICE THAT on August 19, 2024 at 1:30 p.m. in Courtroom 7D of the above-entitled Court, located at 350 West 1st Street, Los Angeles, CA 92701-4516, Bradley D. Sharp, the Court-appointed permanent receiver (the "Receiver"), will and hereby does make this Motion of Receiver for Order: (i) Preliminarily Approving Settlement with Duff & Phelps, LLC (n/k/a Kroll, LLC); (ii) Setting the Schedule for Objections and Final Approval Hearing; and (iii) Approving the Form of Order Finally Approving the Settlement with Duff & Phelps, LLC (n/k/a Kroll, LLC); and (iv) Approving the Form and/or Limitation of Notice of Motion Under Local Rule 66-7 (the "Motion").

The Motion concerns a proposed settlement among and between, on the one hand, (a) Bradley D. Sharp, in his capacity as the Court-appointed Receiver (the "Receiver") for the estate of Direct Lending Investments, LLC, Direct Lending Income Fund, L.P., Direct Lending Income Feeder Fund, Ltd., DLI Capital, Inc., DLI Lending Agent, LLC, DLI Assets Bravo LLC (in Receivership) (collectively, the "Receivership Entities"); (b) Bradley D. Sharp and Christopher D. Johnson, in their capacities as Joint Official Liquidators ("JOLs") of Direct Lending Income Feeder Fund, Ltd. (in official liquidation) ("DLIFF") (DLIFF, together with the Receivership Entities, the "DLI Entities"); (c) investors in the DLI Entities ("Investors") that participated in the mediation and identified in Exhibit A to the Settlement Agreement ("Party Investors") (specifically, those Investors represented by Levine Kellogg Lehman Schneider + Grossman LLP, The Meade Firm P.C., and Reiser Law P.C., including those who are plaintiffs in the action *Andrew Baer, et al. v. Duff & Phelps, LLC*, et al., No. 22-CV-00994 (JMF) (S.D.N.Y.) (consolidated) (the "Century Group"); those Investors represented by Nystrom Beckman & Paris LLP, including those who were plaintiffs in the action *Alfred Jackson, et al. v. Duff & Phelps, LLC*, 651831/2021 (N.Y. Supr. Ct.) (the "Jackson Group"); and those Investors represented by

1

Bragar, Eagel & Squire, P.C., including those who are plaintiffs in the action *Andrew Baer, et al. v. Duff & Phelps, LLC*, et al., No. 22-CV-00994 (JMF) (S.D.N.Y.) (consolidated) (the "Baer Group")); and, on the other hand, (d) Duff & Phelps, LLC (n/k/a Kroll, LLC) ("Kroll" or "Kroll Entities"). The Receiver, JOLs, the DLI Entities, the Party Investors, and Kroll are referred to as the "Parties."

The terms of the Settlement are contained in the Confidential Settlement Agreement and Release ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Bradley D. Sharp in support of the Motion.

By this Motion, the Receiver seeks an order for the following relief:

*First*, that the Court enter an order substantially in the form of Exhibit B to the Settlement Agreement ("Preliminary Approval Order"). The Preliminary Approval Order preliminarily approves the Settlement, establishes the form and content of the notices, method and manner of service and publication, sets a hearing to consider the final approval of the Settlement Agreement, and provides an opportunity for objections and participation in the final approval hearing.

*Second*, the Receiver requests that the Court approve the form and substance of the order attached as Exhibit "E" to the Settlement Agreement ("Final Approval Order"). The Final Approval Order will serve as the Court's final order approving the Settlement Agreement after the procedures delineated in the Preliminary Approval Order have been met.

*Third*, the Receiver requests that the Court find that notice of the hearing on the Motion scheduled for August 19, 2024 be deemed adequate.

The material terms of the Settlement Agreement are summarized below. The complete terms of the Settlement are detailed in the Settlement Agreement.

1. <u>Settlement Amount</u>. Kroll agrees to pay the total sum of six million nine hundred thousand dollars ($6,900,000) ("Settlement Amount"). Settlement Agreement, § 2.1.

2. <u>Grand Court Sanction</u>. The JOLs determined that sanction (approval) from the Grand Court of the Cayman Islands ("Grand Court") need not be sought if no objection was received from a DLIFF investor following 14 days' notice of the Settlement. The JOLs have already served notice of the Settlement on the DLIFF investors, and no opposition has been received. Accordingly, no decision from the Grand Court is necessary. Settlement Agreement, § 2.3.

3. <u>Approval by this Court</u>. The Receiver is to seek approval from this Court of the terms of the Settlement Agreement in their entirety without modification, and the entry of the Final Approval Order, with no modification (other than immaterial modifications, with materiality to be determined by Kroll in its good-faith discretion). Settlement Agreement, § 2.4.

4. <u>All Parties' Right to Withdraw</u>. If this Court does not enter the Final Approval Order, or such order does not become Final, any Party shall have the right to withdraw by providing thirty (30) days written notice of withdrawal to the other Parties. In the event this Court does provide the approval and enters the Final Approval Order, or such order does become Final, within any thirty (30) day withdrawal notice period, such notice of withdrawal shall become ineffective. Settlement Agreement, § 2.8(a).

5. If the Grand Court does not enter the Sanction Order within sixty (60) days from the day on which the JOLs file the Summons or if the Summons is not submitted within seven (7) days after the Execution Date as required in provided in § 2.3(a)(i) of the Settlement Agreement, any Party has the right to withdraw by providing thirty (30) days written notice of withdrawal to the other Parties. In the event the Grand Court enters the Sanction Order within any thirty (30) day withdrawal notice period, such notice of withdrawal shall become ineffective. Settlement Agreement, § 2.8(b).

6. <u>Opt Out Rights</u>. The Settlement Agreement allows for Investors to exclude themselves from the Settlement pursuant to the procedures described in Exhibits H and I to the Settlement Agreement ("Opt Out Notices"). Those Investors that exclude themselves from the Settlement through the required procedures are referred to as "Opt-

out Investors." Investors that do not exclude themselves from the Settlement through the required procedures are referred to as "Participating Investors." "Participating DLIF Investors" means DLIF Investors that are also Participating Investors and "Participating DLIFF Investors" means DLIFF Investors that are also Participating Investors. Settlement Agreement, §§ 1.17-1.21.

7. Only Claimants and Participating DLIF Investors shall be eligible to receive any portion of the Settlement Amount from the Receiver. The distribution of the Settlement Amount to DLIFF Investors will be determined in accordance with Cayman Islands law. Settlement Agreement, § 2.12.

8. <u>Kroll Right to Withdraw</u>. In the event that the Opt-out Investors exceed a certain threshold agreed upon by the Parties to the Settlement, Kroll has the sole right to withdraw from the Settlement. Simultaneously with the Motion, counsel for the Parties have executed a confidential Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement"). Settlement Agreement, § 2.9.

9. Each Releasing Claimant and Participating DLIF Investor, for good and valuable consideration, shall not to cause, authorize, voluntarily assist, or cooperate in, or induce any Third Party to pursue the commencement, maintenance, or prosecution of any action or proceeding (whether in the United States, the Cayman Islands, or elsewhere) relating to or arising from any Released Claims against any of the Released Kroll Entities. This provision does not restrict a Releasing Claimant or Participating DLIF Investor from testifying truthfully if subpoenaed as a witness. Settlement Agreement, § 4.1(c).

10. <u>Bar Order</u>. Each Releasing Claimant and each Participating Investor shall forever be barred and enjoined from prosecuting against any of the Released Kroll Entities, now or at any time in the future, any action, lawsuit, cause of action, claim, investigation, demand, complaint, or proceeding of any nature, including but not limited to litigation, arbitration, or other proceeding, in any state or federal court, arbitration proceeding, or other forum in the United States that relates to, is based upon, arises from, or is connected with the professional services provided by Kroll to the DLI Entities.

4

Settlement Agreement, § 4.1(b).

11. <u>Proportionate Fault Reduction</u>. Any final verdict or judgment obtained by or on behalf of any Claimant or Participating DLIF Investor against any Third Party shall be reduced by an amount that corresponds to the percentage of responsibility of the Released Kroll Entities for common damages. However, where the law governing such final verdict or judgment ("Other Governing Law") requires a reduction in a different amount, the final verdict or judgment shall be reduced by an amount as provided by such Other Governing Law. Settlement Agreement, § 4.1(d).

The Receiver also requests that the Court approve attorneys' fees in the aggregate of $2,070,000 for five law firms representing three groups of investor plaintiffs, with a portion of $150,000 to the receivership estate.[1]

The Receiver moves the Court for an order approving the form of notice on the Motion provided to interested parties, creditors, and investors, who are potential creditors of the estate, by the Receiver (a) serving the Motion and related moving papers on all parties to the action; (b) serving by mail a notice of hearing on the Motion to all known creditors pursuant to Local Civil Rule 66-7; (c) posting a copy of the Motion on the Receiver's website for the case at https://cases.stretto.com/dli; and (d) causing Bankruptcy Management Solutions dba Stretto to provide by email a copy of the notice of hearing on the Motion to all known investors through its email service regularly used to provide notices and documents to investors pursuant to the applicable governing documents for DLIF and DLIFF, as sufficient notice and opportunity for hearing on the Motion under the circumstances.

The Motion is made following the Receiver's communications with counsel for the Securities and Exchange Commission under Local Rule 7-3, and

---

[1] Counsel for the Receiver has been paid hourly in the normal course of the receivership and has been paid less than $150,000 for the work done on this matter.

the Receiver is informed that the SEC generally does not oppose the relief sought. A judgment of liability has been entered against the sole defendant DLI, which is under the supervision and control of the Receiver, making a conference with that entity unnecessary. Defendant DLI, the only other party to the action, has consented to entry of a bifurcated judgment as to liability but not damages, and given the Receiver's appointment over the defendant, defendant DLI has no practical interest in the relief sought distinct from the Receiver. The Receiver has also communicated with Chris Johnson, one of the Joint Official Liquidators over the Off Shore Feeder Fund, and the Joint Official Liquidators do not oppose the relief sought. There are numerous interested parties served with the Motion, making a pre-filing conference with the other interested parties impracticable.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, and the Declarations of Bradley D. Sharp and Kathy Bazoian Phelps, filed concurrently, the separately-filed Notice of Hearing, the pleadings, records, and file of the Court in this action, and upon such further oral argument, testimony and evidence as may be received at the hearing on this matter.

PLEASE TAKE FURTHER NOTICE that pursuant to Local Rule 7-9, any party who opposes the Motion must, not later than 21 days before the date of the hearing on the motion, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion. Evidence presented in all opposing papers shall comply with the requirements of L.R. 7-6, 7-7 and 7-8.

DATED: June 26, 2024          RAINES FELDMAN LITTRELL LLP

By: /s/ *Kathy Bazoian Phelps*
Kathy Bazoian Phelps
*Counsel for Bradley D. Sharp*
*Permanent Receiver*